IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 13, 2002 Session

## STATE OF TENNESSEE v. BARRY K. HARRIS

**Direct Appeal from the Circuit Court for Williamson County
No. I-173-800      Donald P. Harris, Judge**

---

**No. M2001-01359-CCA-R3-CD - Filed June 28, 2002**

---

The defendant was convicted of theft over $500.00, two counts of theft over $1000.00, and driving on a suspended license with prior convictions. He was given an effective sentence of eighteen years in the Department of Correction. The defendant contends that the sentence imposed by the trial court is excessive. The trial court followed the statutory sentencing procedure, imposed a lawful sentence after considering and weighing the proper factors and principles set out under sentencing law, and the trial court's findings of fact are supported by the record. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOE G. RILEY and THOMAS T. WOODALL, JJ., joined.

John K. Henderson, District Public Defender, and Cynthia Diane Crosier, Assistant Public Defender, for the appellant, Barry K. Harris.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Sharon T. Guffee, Assistant District Attorney, for the appellee, State of Tennessee.

### OPINION

Following a jury trial, the defendant, Barry K. Harris, was found guilty of theft over $500.00, a Class E felony, and driving on a suspended license with prior convictions, a Class A misdemeanor. A fine of $500.00 was imposed on both convictions. The defendant entered a plea of guilty to two counts of theft over $1,000.00, Class D felonies. A combined sentencing hearing was held whereupon the trial court imposed the following sentences:

    (A)    Theft over $500.00, a Class E felony. Range III persistent offender - six (6) years in the Department of Correction and a $500.00 fine; and

> (B) Driving on suspended license, a Class A misdemeanor - six (6) months at 75% release eligibility and a $500.00 fine.

The above two sentences are to run concurrently with each other but consecutively to the following sentences:

> (C) Theft over $1,000.00, Count One, a Class D felony. Range III persistent offender - twelve (12) years in the Department of Correction; and
>
> (D) Theft over $1,000.00, Count Two, a Class D felony. Range III persistent offender - twelve (12) years in the Department of Correction.

These two sentences are to run concurrently with each other. This is an effective sentence of eighteen (18) years as a Range III persistent offender.

This appeal timely followed. The defendant does not contest the consecutive sentencing but contends that the sentences imposed by the trial court for the Class E and D felonies are excessive. The defendant asserts that the trial court should have imposed the minimum sentence of four (4) years for the Class E felony and the minimum sentence of eight (8) years for each of the Class D felonies, for an effective sentence of twelve (12) years. We disagree.

## Facts

On May 13, 2000, Barry K. Harris was arrested for theft of merchandise over $500.00, a Class E felony, and driving on a suspended license, a Class A misdemeanor. The Williamson County Grand Jury indicted the defendant on both charges. The next day, while out on bond, the defendant committed theft of merchandise over $1,000.00, a Class D felony. Eight days later, the defendant again committed theft of merchandise over $1,000.00, a Class D felony. The defendant was later indicted for both Class D felonies.

The defendant was tried by a jury on the Class E felony and the Class A misdemeanor charges and found guilty of both offenses. The defendant entered an open plea of guilty on both Class D felonies. A combined sentencing hearing was held on all four offenses. The trial court sentenced the defendant to a concurrent sentence of six (6) years on the Class E felony and six (6) months on the Class A misdemeanor. (Case No. I-173-800). The trial court sentenced the defendant to two concurrent twelve-year sentences on the Class D felonies. (Case No. I-600-183). The trial court ordered the sentences to run consecutively for an effective sentence of eighteen (18) years.

The presentence report indicated that the defendant has been convicted of five (5) prior felonies, three of which were theft offenses. In addition, the defendant has been convicted of thirteen (13) prior theft-related misdemeanor offenses. He has also been convicted of disorderly conduct, unlawful possession of drug paraphernalia, three (3) criminal trespass convictions, and two (2) assault convictions. The trial court also found that the defendant was out on bail when he committed the Class D felonies. Additionally, the defendant committed all of the instant offenses while on parole.

The trial court found three applicable enhancement factors:  (a) the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, (b) the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community, and (c) the Class D felonies were committed while the defendant was out on bail.  Tenn. Code Ann. §§ 40-35-114 (1), (8), and (13(A)).  The trial court also found as a mitigating factor that the offenses neither caused nor threatened serious bodily injury. Tenn. Code Ann. § 40-35-113(1).  The trial court gave great weight to the enhancing factors and little weight to the mitigating factor.

The defendant presented no evidence at sentencing.  He did make a statement at closing pointing out that the offenses he committed did not involve violence, he had cooperated with the police, and he accepted responsibility for his actions.

## Analysis

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this Court to conduct a *de novo* review with a presumption that the determinations made by the trial court are correct.  Tenn. Code Ann. § 40-35-401(d).  This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances."  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls."  State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.  Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result.  State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant on his own behalf; and (7) the defendant's potential for rehabilitation or treatment.  Tenn. Code Ann. §§ 40-35-102, 103, and 210.

In calculating the sentence for a Class D or E felony conviction, the presumptive sentence is the minimum in the range if there are no enhancement or mitigating factors.  Tenn. Code Ann. § 40-35-210(c).  If there are enhancement but no mitigating factors, the trial court may set the sentence above the minimum, but still within the range.  Tenn. Code Ann. § 40-35-210(d).  A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the

enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-210(e). The sentence must then be reduced within the range by any weight assigned to the mitigating factors present. Id. The weight given each of the factors is left to the discretion of the trial court so long as the trial court complies with the purposes and principles of the Tennessee Criminal Sentencing Reform Act of 1989 and its findings are supported by the record. State v. Hayes, 899 S.W.2d 175, 185 (Tenn. Crim. App. 1995).

The record clearly reflects that the trial court considered the sentencing principles, the facts and circumstances surrounding the specific crimes committed, and the evidence presented at trial. Therefore, the trial court's decision must be presumed correct. The defendant does not disagree with the application of any of the enhancement factors, the court's failure to apply any additional mitigating factors, or the weight given to any of the factors.

The court gave great weight to the enhancement factors based on (1)the defendant's extensive criminal history, (2) the defendant has not done well in the community during periods of release, (3) the defendant has not been deterred by prior sentences, (4) the defendant has committed violations while on probation and parole, and (5) the defendant was on bail when two of the current offenses were committed. The court also noted that the defendant "makes his livelihood by committing theft offenses." The court gave little weight to the mitigating factor since theft is not the type of crime that inherently causes serious bodily injury.

The record adequately supports the court's decision to impose the maximum sentence. The defendant has not met his burden of showing that the sentence was improper. Accordingly, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE